# Mundy *v.* Brooks, Appellant.

*Equity—Specific performance—Contract of sale—Remedy at law.*

A bill in equity filed for the purpose of negatively enforcing a contract for the sale of bark by enjoining the defendant from selling the bark to any other persons than the plaintiffs, will be dismissed, as the plaintiff has an adequate remedy at law.

Argued May 6, 1902. Appeal, No. 335, Jan. T., 1901, by defendant, from decree of C. P. Warren Co., Sept. T., 1901, No. 42, on bill in equity in case of S. A. Mundy and F. P. Schoonmaker v. Arthur R. Brooks. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Reversed.

Bill in equity filed for the purpose of negatively enforcing a contract of sale of bark. Before Lindsey, P. J.

The facts appear by the opinion of the Supreme Court.

The final decree was as follows :

And now, to wit : November 7, 1901, this case came on to be heard at this term upon exceptions to the opinion of the court filed, and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed as follows, to wit: That the said defendant, Arthur R. Brooks, his agents, servants and employees be restrained, and perpetually enjoined from shipping or disposing of 428.05 cords of hemlock bark cut and piled by him on lots 14, 15, 17 and 18 in Corydon township, Warren county, Pa., to any other person or persons than G.

W. Campbell, E. W. Campbell and John W. Campbell or the Penn Tanning Company, or from doing any act in furtherance of such purpose, and that an injunction issue accordingly; and that the defendant is ordered and directed to deliver any of the bark, cut and peeled, on the cars of the Western New York & Pennsylvania Railroad, Kinzua branch, on or before December 1, 1901.

It is also further decreed that the cost of this case shall be paid by Arthur Brooks, defendant.

*Error assigned* was the decree of the court.

*W. W. Wilbur*, with him *James W. Wiggins*, for appellant.

*W. E. Rice*, with him *W. D. Hinckley*, for appellee.

PER CURIAM, January 5, 1903:

George W. Campbell, E. W. Campbell and John W. Campbell, on May 17, 1898, sold to the Penn Tanning Company "all the hemlock bark standing, growing, lying or being" on certain lots of land in Corydon township, Warren county. On May 3, 1899, they sold to S. A. Mundy and F. P. Schoonmaker, the appellees, all of the down and standing timber, wood and trees on the lots, the consideration being $7,000 cash in hand and $8,000 to be paid as follows: "By the said parties of the second part [S. A. Mundy and F. P. Schoonmaker] delivering to the said parties of the first part one thousand cords of bark at the price of $5.10 per cord on cars at the railroad of the W. N. Y. & P. Railroad Company, Kinzua branch, during the first year of this contract; and during the second year of this contract by the parties of the second part delivering to the parties of the first part another 1,000 cords of bark on cars, at same railroad, at the price of $5.20 per cord; the said price per cord is the same price that the parties of the first part will receive from the Penn Tanning Company with whom they have a contract for the said bark." On May 10, 1899, the appellees sold a portion of what they had purchased to Arthur R. Brooks, for which he was to pay $3,000 on the execution and delivery of the contract, $7,000 within thirty days of its date, with interest, and $8,000 with interest from the date of the contract, to be paid as follows:

" By the said party of the second part [Arthur R. Brooks] delivering to G. W. Campbell, E. W. Campbell and John W. Campbell one thousand cords of hemlock bark at the price of $5.10 per cord, on cars at the railroad of the W. N. Y. & P. Railroad Company, Kinzua, during the first year of this contract, and during the second year of this contract by the party of the second part delivering to the said Messrs. Campbell another one thousand cords of bark at the price of $5.20 per cord."

Brooks had delivered on the cars, in pursuance of his contract, 1,571.95 cords of hemlock bark, and then refused to deliver any more. This bill was thereupon filed, and a decree entered, enjoining him from shipping or disposing of 428.05 cords of hemlock bark, the balance of the 2,000 cords, cut and peeled by him on the premises, and ordering and directing him " to deliver any of the bark cut and peeled on the cars of the W. N. Y. & P. Railroad, Kinzua branch, on or before December 1, 1901."

In this proceeding neither the Campbells nor the Penn Tanning Company appear, and we have nothing to do with their respective rights and liabilities. It is purely between S. A. Mundy and F. P. Schoonmaker, as plaintiffs, and Arthur R. Brooks, as defendant, and is a simple case of one refusing to deliver goods in pursuance of a contract to do so. The bill should have been promptly dismissed, for it is instantly manifest from an inspection of it that the remedy was adequate at law. The agreement itself between the parties in express terms provides for a complete and summary remedy at law ; but, even if it did not so provide, such remedy existed and was adequate.

. Decree reversed and bill dismissed at appellee's costs.